**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HUNG SUN,** | : | **No. 1:25-CV-972** |
| | : | |
| **Plaintiff** | : | **(Wilson, J.)** |
| | : | |
| **v.** | : | **(Caraballo, M.J.)** |
| | : | |
| **CHRISTOPHER L. PARIS and RACHEL WERT,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff Hung Sun, proceeding pro se, commenced this fee-paid civil rights action against law enforcement officials Christopher Paris and Rachel Wert, on June 2, 2025. Doc. 1. The complaint appears to advance claims of unreasonable search and seizure and false arrest under the Fourth Amendment of the United States Constitution, arising out of traffic citations that Sun received from Wert. *Id.* at 3–4.

The Court has federal question jurisdiction pursuant to Title 28, United States Code, Section 1331. The matter was referred to the undersigned to issue a Report and Recommendation on the defendants' motion to dismiss, pursuant to Title 28, United States Code, Section

636(b)(1)(B). Doc. 10. For the reasons set forth below, the undersigned recommends that the Court grant the motion to dismiss, without prejudice.

## II. Background

Sun is a resident of Hanover, Pennsylvania, Wert is a Pennsylvania State Trooper, and Paris is the Commissioner of the Pennsylvania State Police. Doc. 1 at 1–2. As alleged in the complaint,[1] on January 12, 2025, Wert conducted a traffic stop of Sun, for operating a vehicle bearing an upside-down license plate. *Id.* at 4. During the traffic stop, Wert observed that Sun's vehicle lacked inspection stickers. *Id.* Sun avers that Wert "went ahead and issued me a warning for the citation for my displayed and affixed 'upside down' licensed plate and then she issued me 2 traffic citations for not having the inspection stickers." *Id.* The complaint does not set forth any allegations specific to Paris.

Sun confirms that "[o]n February 25, 2025, we went to the Magisterial District Court Judge, Jason Luper, and I was found

[1] The complaint includes attached pages setting forth additional factual allegations. *See* Doc. 1-1.

'GUILTY' on those two (2) charges of traffic citations of the violation of inspection stickers." Doc. 1-1 at 5. Sun does not offer any further factual averments concerning those state proceedings, but attached to his complaint an Order issued by the Honorable Kathleen J. Prendergast, from the York County Court of Common Pleas, granting a motion to dismiss Sun's summary appeal on May 21, 2025. *Id.* at 6. According to the Order, the summary appeal was dismissed by the Commonwealth, with costs assessed on York County. *Id.*

Based on those premises, Sun filed this federal action on June 2, 2025. Doc. 1. He appears to assert two claims under Title 42, United States Code, Section 1983, for violations of his Fourth Amendment rights to be protected from an unreasonable search and seizure, and from false arrest. *Id.* at 3–4. Sun also appears to seek both damages and injunctive relief. He avers that the amount in controversy is "$250,000 for the maximum allows for the Pennsylvania Tort Claim." *Id.* at 4. He also asserts his belief "that the lower court made an 'Erred' and my two (traffic citations) of my inspection stickers shall be 'Suppressed.' " Doc. 1-1 at 5.

The defendants filed a timely motion to dismiss on December 15, 2025. Docs. 10–11. The motion raises three grounds for relief: (1) Sun's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as he cannot seek damages unless his underlying conviction was reversed; (2) this Court lacks jurisdiction to entertain an appeal of a state court decision; and (3) the complaint does not allege Paris's personal involvement in the operative circumstances. Docs. 10–11.[2] After receiving several extensions, Sun responded on April 8, 2026, and the defendants replied on April 22, 2026, rendering the motion ripe for adjudication. Docs. 20–21.

## III. <u>Discussion</u>

### A. Legal Standard

Upon motion of a party, a court may dismiss a complaint for its "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain

[2] In their motion, the defendants posit that "[e]ven if Plaintiff could bring these claims, they fail as a matter of law." Doc. 10 at 2. The brief in support of the motion, however, does not advance any contentions addressing the merits of Sun's claims. *See generally* Doc. 11. Only the defendants' reply brief raise a merits challenge. Doc. 21 at 2–3. A reply brief may not, however, present a new issue, so defendants' merits contention should not be entertained. *See, e.g.*, *Servis One Inc. v. OKS Grp. LLC*, 2025 WL 733670, at *3 n.7 (3d Cir. 2025) (deeming issue forfeited "because it was raised for . . . first time in . . . reply brief" (citations omitted)).

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

Plausibility in this context means neither possibility nor probability. *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 177 (3d Cir. 2019). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Connelly*, 809 F.3d at 786 (quotation omitted) (first citing *Iqbal*, 556 U.S. at 678; and then citing *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

The Court of Appeals uses a three-step inquiry in determining a complaint's sufficiency under Rule 12(b)(6). *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010); *see, e.g.*, *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022); *Connelly*, 809 F.3d at 787. First, the reviewing court "tak[es] note of the elements

[the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (second alteration in original) (quotation omitted) (quoting *Iqbal*, 556 U.S. at 675). The second phase is to "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (first quoting *Iqbal*, 556 U.S. at 679; and then citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alterations in original) (quotation omitted) (quoting *Iqbal*, 556 U.S. at 679). This last step is done "in the light most favorable to [the plaintiff]." *Kedra v. Schroeter*, 876 F.3d 424, 434 (3d Cir. 2017) (alteration in original) (quotation omitted) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228, 230 (3d Cir. 2008)). "If, after completing this process, the complaint alleges 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements of a claim, then it plausibly pleads a claim." *Lutz*, 49 F.4th at 328 (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2009)).

If "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation omitted) (quoting *Bell*, 550 U.S. at 556). That is, "[c]onclusory allegations of liability are insufficient." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Iqbal*, 556 U.S. at 678). "Evaluating a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Bookwalter*, 946 F.3d at 177 (quoting *Iqbal*, 556 U.S. at 679).

Further, "[c]omplaints filed by *pro se* litigants, . . . are liberally construed, but must still 'allege sufficient facts . . . to support a claim.' " *Rivera*, 37 F.4th at 914 (first citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); and then quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted)). As the Court of Appeals has repeatedly explained, pro se litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244–45).

### B. *Heck v. Humphrey* Bars a Cause of Action

The overall genesis of Sun's complaint is anchored in his receipt of two traffic citations, and subsequent finding of guilt. Thus, the defendants invoke *Heck v. Humphrey* to contend that Sun's claims are barred, because he did not successfully appeal his convictions. Doc. 11 at 5–6. In response, Sun refutes the defendants' factual position, averring that his traffic citation convictions were dismissed on appeal by the York County Court of Common Pleas. Doc. 20 at 3–4. As the plain allegations of Sun's complaint contend only that he was convicted in the underlying state proceedings, the undersigned recommends dismissal of this action under *Heck*, albeit with leave to amend.

In *Heck*, the Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489–90. "Therefore, where the civil rights plaintiff brings a claim based upon a state case that has not been resolved in favor of the plaintiff, . . . the plaintiff's claim fails as a matter of law." *Whaley v. Pa.*, 2021 WL 7967590, at *3 (M.D. Pa. 2021), *report and*

*recommendation adopted*, 2021 WL 7967596 (M.D. Pa. 2021). As the Supreme Court explained:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486–87 (footnotes omitted).

Here, Sun challenges the very premises underlying his state convictions, including whether his upside-down license plate violated

state law and justified the traffic stop that led to his inspection sticker citations. Docs. 1 at 4; 1-1. Therefore, a judgment in this Section 1983 action deeming the traffic stop a false arrest or unreasonable search and seizure, "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. For those reasons, courts in this district routinely dismiss Section 1983 actions that seek to challenge traffic citations. *See, e.g.*, *Johnson v. Pa. State Police*, 2022 WL 4348455, at *2–3 (M.D. Pa. 2022); *Whaley*, 2021 WL 7967590, at *3–4; *Hohmann v. Miller*, 2016 WL 1450202, at *3 (M.D. Pa. 2016).

The issue thus hinges on whether Sun's traffic citation convictions were reversed or otherwise nullified. In conducting that evaluation, the Court is permitted to consider matters of public record, even when adjudicating a motion to dismiss. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) ("Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record.") (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Here, the defendants aver that Sun's traffic citation convictions remain undisturbed, based on the allegations in his complaint that he

was found guilty, the corresponding Magisterial District Court dockets evincing his guilty dispositions for both citations, and the order he attached to the complaint, in which the York County Court of Common Pleas dismissed his summary appeal. Docs. 1-1 at 5–6; 21-1; 21-2. In response, Sun contends, for the first time, that "I appealed to the higher court in Courts of Common Pleas and the judge 'dismissed' my criminal case because Officer Wert failed to show up for the court proceeding. . . . A plaintiff need only to show that his prosecution ended without a conviction, which the York County, Pennsylvania Courts of Common Pleas dismissed it with prejudiced." Doc. 20 at 3–4.

As the defendants note, Doc. 21 at 2, Sun's contention conflicts with the public dockets sheets associated with his two traffic citations, and with the order issued by the York County Court of Common Pleas dismissing his summary appeal. Docs. 1-1 at 6; 21-1; 21-2. Moreover, Sun's challenge to whether the state court erred, and his suppression request, Doc. 1-1 at 5, make little sense if his convictions were overturned. That said, the county court order does not state the court's or the Commonwealth's bases for dismissing the summary appeal, or

why costs were imposed on York County. Docs. 1-1 at 6.[3] And the order also does not list Wert as one of the attendees, corroborating Sun's interpretation of events. *Id.*

Sun's claim that his convictions were reversed, however, are raised only in his brief in opposition to the motion to dismiss, not in his pleading instrument. "It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). He therefore cannot cure his pleading deficiencies through briefing. *Id.* (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

We thus are left only with the plain allegations of Sun's complaint, which do not assert that he ultimately prevailed in his underlying traffic citation case. Rather, he acknowledges being found guilty of both citations before the Magisterial District Judge, and includes an order evincing the dismissal of his summary appeal. Doc. 1-1 at 5–6. Based

[3] A search of the online web portal for the Unified Judicial System of Pennsylvania, https://ujsportal.pacourts.us/CaseSearch (last visited Aug. 12, 2026), does not yield the docket referenced in the county court order, *Com. of Pa. v. Sun*, No. CP-67-SA-0000070-2025.

on that record, his claims do not survive a *Heck* analysis. Ordinarily, that conclusion would warrant dismissal with prejudice. *See, e.g.*, *Johnson*, 2022 WL 4348455, at *3 ("[B]ecause any such claim would be barred by *Heck*, this court will dismiss this claim with prejudice."). But given the lack of complete clarity concerning Sun's proceedings before the York County Court of Common Pleas, the undersigned recommends that he be afforded leave to file a curative amendment.

### C. The *Rooker-Feldman* Doctrine

To the extent Sun requests injunctive relief aimed at suppressing evidence concerning or overturning the state court judgment for his traffic citations, Doc. 1-1 at 5, the Court lacks corresponding jurisdiction. Although the defendants do not directly raise the *Rooker-Feldman* doctrine, they do challenge the Court's jurisdiction to entertain an appeal of the state court proceedings. Doc. 11 at 6–7. In any event, "the court can raise *sua sponte* subject[ ]matter jurisdiction concerns," because "courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

The *Rooker-Feldman* doctrine, bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quotation omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Put simply, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Id.* at 165.

The *Rooker-Feldman* doctrine has four requirements: (1) the federal plaintiff must lose in a state-court judicial proceeding; (2) the state-court judgment or decree must be rendered before the federal action was filed; (3) the federal plaintiff must invite the review and rejection of the state-court judgment; and (4) the federal plaintiff must complain of injuries caused by the state-court judgment. *Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023) (first citing *Exxon*, 544 U.S. at 284; and then citing *Great W.*, 615 F.3d at 166).

Here, any attempt to invite this Court to sit as a state appellate court and overturn the judgment on Sun's traffic citations, through the suppression of evidence or otherwise, would run afoul of the *Rooker-Feldman* doctrine. As set forth above, Sun's complaint avers that he lost his state court proceedings, as he was adjudicated guilty before a Magisterial District Court Judge of both traffic citations, and his appeal dismissed by the York County Court of Common Pleas. Doc. 1-1 at 5–6. The appellate dismissal occurred on May 21, 2025, before Sun commenced this federal action on June 2, 2025. *Id.*; Doc. 1. He now raises alleged error in those state court proceedings, and appears to seek some measure of suppression. Doc. 1-1 at 5.

Accordingly, and subject to the operating conclusion that Sun's underlying convictions remain intact, the Court lacks jurisdiction under the *Rooker-Feldman* doctrine over any request by Sun to reexamine those state court decisions. *See, e.g.*, *Whaley*, 2021 WL 7967590, at *4–5 (finding no jurisdiction over state traffic citation removal action), *report and recommendation adopted*, 2021 WL 7967596 (M.D. Pa. 2021); *Banks v. City of Phila.*, 2020 WL 2112279, at *2 (E.D. Pa. 2020) ("The Court lacks jurisdiction to invalidate the judgments of the Traffic Court

with respect to Banks's tickets [p]ursuant to the *Rooker-Feldman* doctrine . . . .").

**D. Personal Involvement of Paris**

Defendants contend that all claims against Paris should be dismissed, because "[t]he Complaint lacks any assertions against Commissioner Paris. He is merely named in the caption and identified as a Defendant." Doc. 11 at 8. That evaluation is correct and, even absent the *Heck* and *Rooker-Feldman* issues addressed above, dismissal of Paris from this action would be warranted.

"The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.2000)). Second, "a plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrong.'" *Id.* (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988)). "A plaintiff makes sufficient allegations of a defendant's personal involvement by

describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Id.*

Here, neither the complaint, nor its attachments, contain any factual allegations specific to Paris. *See generally* Docs. 1; 1-1. Rather, he is simply listed as a named defendant. Doc. 1 at 1–2. In response, Sun avers that "[t]he Superintendent/Commissioner is solely responsible for their employees' actions and behaviors, as the internal policy, procedure, and general orders. Because the actions and behaviors acted by the Officer Wert of abusing her power given by the Superintendent/Commissioner Paris, he is totally responsible for her actions and behaviors when encountered of the public." Doc. 20 at 6–7. Again, Sun cannot amend his complaint through briefing on the motion to dismiss. *Zimmerman*, 836 F.2d at 181. And absent personal involvement, a supervisor cannot be held liable for the acts of a subordinate under a *respondeat superior* theory. *Ashcroft*, 556 U.S. at 676 (collecting cases).

Accordingly, the motion to dismiss Paris should be granted, but without prejudice. Sun has not had an opportunity to amend his complaint, and "a district court should generally permit a curative

amendment, unless an amendment would be inequitable or futile." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

## IV. Recommendation and Notice

For the reasons set forth above, it is **RECOMMENDED** that:

1. The motion to dismiss (Doc. 10) be **GRANTED**, and the plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**; and
2. Sun be afforded 21 days to submit an amended complaint consistent with the recommendations set forth above. Should Sun fail to file an amended complaint, the Clerk's Office should terminate all defendants and close this case.

All parties are further placed on notice that, pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the

> portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L.R. 72.3. The failure to file timely objections to the foregoing Recommendation may constitute a waiver of any appellate rights. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Date: August 13, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge